UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ALEX LAWSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CHARLES WARREN,<br><br>Respondent. | Civil Action No. 21-10732 (RBK)<br><br>**OPINION** |

KUGLER, United States District Judge:

Petitioner, a state pretrial detainee, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)  For the following reasons, the Court will dismiss the Petition without prejudice for lack of jurisdiction and will not issue a certificate of appealability.

I.      BACKGROUND

This case arises from Petitioner's pretrial detention and his ongoing state criminal proceedings.  The Petition contains very little information regarding Petitioner's underlying case, but as this Court set forth in one of Petitioner's other cases:

> Plaintiff appears to allege that in February of 2019 and other undated encounters, Defendant Trejo, working as an undercover detective, solicited drugs from Plaintiff. The following month, on March 22, 2019, Defendant Trejo and other officers from the Millville Police Department initiated a raid which led to Plaintiff's arrest.
>
> Plaintiff maintains that during this raid, he was the only individual who received criminal charges, even though he was with three others at the time. He contends, without further elaboration, that because the other individuals were women, Defendants discriminated against him for being a man.
>
> Further, he alleges that Defendants found evidence against him during a raid "in a car and apartment registered to two white individuals" who also did not receive criminal charges. In Plaintiff's view, Defendant Trejo and the Millville Police Department as a whole, racially discriminated against him. Plaintiff

> contends that Defendants' misconduct resulted in his wrongful arrest.

(*Lawson v. Trejo*, Civ. No. 21-504, ECF No. 5, at 1–2 (citations omitted)); *see also* (ECF No. 1-1, at 23–27.).

According to Petitioner, he has been in prolonged detention since July 4, 2020, with "no trial in sight." (ECF No. 1, at 2, 6.) Petitioner contends that his unspecified "contempt of court," the Covid-19 pandemic, and the changes to monetary bail in New Jersey, have resulted in his unconstitutional detention. (*Id*. at 6–7.) Additionally, Petitioner alleges that the Cumberland County Jail has not properly addressed the pandemic, which resulted in him contracting Covid-19 at some point during his detention. The remaining procedural history is unclear, but Petitioner contends that his "attorneys refuse to appeal [his] detention." (*Id*. at 7.)

Petitioner filed the instant § 2241 Petition on May 5, 2021. Petitioner raises various due process, cruel and unusual punishment, equal protection, and ineffective assistance of counsel claims. (*Id*. at 6–7.) In terms of relief, Petitioner seeks his immediate release, recusal of the state trial judge on his case, and dismissal of unspecified debts. (*Id*. at 7.)

## II.     STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, federal courts may "dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856.  More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III.   DISCUSSION

Petitioner, a state pretrial detainee, contends that he is entitled to habeas relief based on various due process, cruel and unusual punishment, equal protection, and ineffective assistance of counsel claims.  Generally, however, for state inmates, federal habeas corpus is substantially a post-conviction remedy. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975).  Although this court has "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see id.*, federal courts must exercise that jurisdiction "sparingly" in order to prevent federal pretrial interference of "the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46).

As a result, district courts should not exercise jurisdiction at the pretrial stage without the exhaustion of state court remedies, unless the detainee presents extraordinary circumstances. *See id.*; *Jackson Bey v. Daniels*, No. 19-16374, 2019 WL 4749822, at *1 (D.N.J. Sept. 27, 2019). Exhaustion requires a petitioner to have fairly presented each federal ground raised in their petition to each level of the New Jersey courts, including the Supreme Court of New Jersey. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Muhammad v. Cohen*, No. 12-6836, 2013 WL 588144, at *2 (D.N.J. Feb. 13, 2013).

Stated differently, without extraordinary circumstances, a district court should only exercise its pretrial habeas jurisdiction if the "petitioner makes a special showing of the need for such adjudication *and* has exhausted [his] state remedies." *Daniels*, 2019 WL 4749822, at *1 (emphasis added) (citing *Moore*, 515 F.2d at 443; *Sampson v. Ortiz*, No. 17-1298, 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017)).

With those principles in mind, Petitioner has not exhausted his state court remedies on these claims. Although the procedural history is unclear, Petitioner contends that his "attorneys refuse to appeal [his] detention." (ECF No. 1, at 7.) Additionally, a few weeks before filing the Petition, Petitioner's counsel rejected Petitioner's request to file an appeal and provided an explanation for the decision. (ECF No. 1-1, at 39–40.) Consequently, it does not appear that Petitioner has filed an appeal with the Appellate Division, or the Supreme Court of New Jersey.

Nor does the Petition allege any extraordinary circumstances that would justify pretrial habeas jurisdiction or provide any basis for the Court to intervene in Petitioner's state criminal proceedings. As discussed above, Petitioner seeks to challenge his pre-trial detention and criminal charges based on various due process, equal protection, and ineffective assistance of counsel claims. Under any of these theories, "he is simply attempting to pre-litigate his defenses in this court prematurely." *See, e.g.*, *Ibrahim v. State*, No. 21-7407, 2021 WL 1660853, at *2 (D.N.J. Apr. 28, 2021).

With regard to Petitioner's cruel and unusual punishment claim, the conditions at the jail during the Covid-19 pandemic do not constitute extraordinary circumstances that warrant pre-trial habeas jurisdiction. *See, e.g.*, *Ashford v. Briggs*, No. 20-01118, 2020 WL 5548716, at *3 (M.D. Pa. Sept. 16, 2020) (finding that Covid-19 related issues do not constitute extraordinary circumstances); *Galloway v. Walton*, No. 20-611, 2020 WL 3977376, at *1 (W.D. Pa. July 14,

2020) (same); *Milbourne v. Smith*, No. 20-0012, 2020 WL 2744608, at *3 (D.N.J. May 27, 2020) (same).

Just as Petitioner seeks emergency relief before this Court, he could have sought emergency relief before the trial court, appealed his pretrial detention order to the Appellate Division, or otherwise challenged the conditions of his confinement in the state courts. *See Malloy v. Dist. Attorney of Montgomery Cty.*, No. 20-1804, 2020 WL 2571170, at *3 (E.D. Pa. May 21, 2020) (dismissing a petition for failure to exhaust, in a Covid-19 case, where the "Petition contains no suggestion that Petitioner has attempted to exhaust the state court process through emergency motion or petition to the state trial or appellate courts."); *see also Bussinger v. Gramp*, No. 20-5600, 2020 WL 2989080, at *2 (D.N.J. June 3, 2020). Although Petitioner alleges that his attorneys have refused to file an appeal, (ECF No. 1-1, at 39), he could have filed a *pro se* appeal to the Appellate Division on his own, and if necessary, a *pro se* petition for certification to the Supreme Court of New Jersey.

As Petitioner has failed to exhaust his state court remedies and there are no extraordinary circumstances, the Court declines to exercise pretrial habeas jurisdiction and will dismiss the Petition.

## IV.  CERTIFICATE OF APPEALABILITY

Under our jurisprudence, federal prisoners do not require a certificate of appealability to appeal decisions arising from petitions under 28 U.S.C. § 2241. *See, e.g.*, *Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006). State pre-trial detainees, however, must obtain a certificate of appealability to challenge "the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *Stepney v. Anderson*, No. 20-2476, 2020 WL 2079241, at *2 (D.N.J. Apr. 29, 2020).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Based on the discussion above, jurists of reason would not find it debatable that Petitioner has failed to exhaust his state court remedies and that the Court should not exercise pretrial habeas jurisdiction.  Consequently, the Court will not issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed above, the Court will dismiss the Petition without prejudice for lack of jurisdiction and will not issue a certificate of appealability.  An appropriate Order follows.


Dated:  September 14, 2021                           /s Robert B. Kugler\_\_\_
                                                      ROBERT B. KUGLER
                                                      United States District Judge